UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARÍA COLÓN-TORRES,

Plaintiff,

v.

BBI HOSP. INC. d/b/a BORINQUEN BEACH INN; TEMISTOCLES RAMÍREZ DE ARELLANO; NELLY KING; JOSÉ PIRAQUET, and P.R. MISC. INS. GUAR. ASS'N; et al.,

Defendants.

CIVIL NO. 19-1151 (GAG)

**OPINION & ORDER**

María Colón-Torres ("Ms. Colón-Torres" or "Plaintiff") brought the present suit against Puerto Rico Miscellaneous Insurance Guaranty Association ("AGSM" or "Defendant") seeking to hold it liable for the damages allegedly suffered by Plaintiff when she slipped and fell on BBI Hospitality Inc., d/b/a Borinquen Beach Inn ("BBI")'s premises. (Docket No. 44). In her amended complaint, Plaintiff alleges that AGSM is the entity that insures BBI after its insurer, Real Legacy Assurance Co. ("Real Legacy"), was administratively declared insolvent by the Court of First Instance of the Commonwealth of Puerto Rico. Id. ¶ 26. AGSM's citizenship is a matter contested in the present case. (Docket No. 57 at 5-9). Moreover, AGSM argues that Plaintiff did not meet the necessary requirements established by the Puerto Rico Court of First Instance's Order of Liquidation to obtain relief from AGSM in regard to the liquidation proceeds of Real Legacy. Id. at 13-19. Federal jurisdiction is predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

**Civil No. 19-1151 (GAG)**

Pending before the Court is AGSM's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). (Docket No. 57). Plaintiff opposed. (Docket No. 65). With leave of Court, AGSM replied and Plaintiff sur-replied. (Docket Nos. 70; 73). BBI filed a motion to join AGSM's motion to dismiss only as for lack of jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). (Docket No. 61). For the ensuing reasons, the Court **GRANTS** Defendant's motion to dismiss at Docket No. 57.

### I.     Relevant Factual and Procedural Background[1]

The factual allegations originate from Plaintiff's slip and fall that occurred in BBI's premises on July 1, 2017. (Docket No. 44 ¶ 10). At around 3:00 P.M., Ms. Colón-Torres arrived at BBI's hotel accompanied by her husband, Roberto Colón, and friends. Id. As she set foot in the rear entrance of BBI's lobby, Ms. Colón-Torres, 86-years old at that time, "slipped on a slippery, wet, uneven and/or damaged step," and fell on her back injuring "her neck, shoulder, back, knee, and leg." Id. ¶¶ 11-12.

On April 5, 2018, Plaintiff sent a letter to BBI that was intended to be an extrajudicial claim. (Docket Nos. 44 ¶ 21; 65 ¶ 8; 65-2). According to Plaintiff, said letter "met the requirements for an extrajudicial claim[,]" and the letter was signed by BBI's front desk personnel as confirmation of receipt. Id.

On February 19, 2019, Plaintiff filed the present lawsuit against BBI asserting negligence under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, §§ 5141-42. (Docket No. 1 ¶¶ 28-29). On June 26, 2020, after four hundred and ninety-four (494) days had elapsed since the filing of the complaint, Plaintiff moved for leave to amend it to include AGSM as

---

[1] For purposes of this motion to dismiss, the Court accepts as true all the factual allegations in the Amended Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

co-defendant to the action. (Docket No. 42). Plaintiff claims that it wasn't until September 19, 2019, during the discovery phase in this litigation, that she found out that Real Legacy—BBI's insurer—was being liquidated after the Insurance Commissioner failed to rehabilitate Real Legacy pursuant to the Commonwealth of Puerto Rico's Insurance Code, P.R. LAWS ANN. tit. 26, §§ 4001 *et seq*. (Docket Nos. 42 ¶ 2; 65 ¶ 51). The Court granted Plaintiff's request, who subsequently amended her complaint substituting unknown defendant Company ABC with AGSM. (Docket Nos. 42 ¶ 5; 44 ¶ 26).

On January 18, 2019, the Commonwealth of Puerto Rico Court of First Instance established the liquidation procedure for Real Legacy. (Docket No. 57-2). The Puerto Rico Court's liquidation order dictated that "the term for the filing of claims shall not exceed the period of ninety (90) days counted from the date of this liquidation order." (Docket No. 57-2 at 18). The liquidation order also stipulated that there was an obligation for any claimant to file a claim during said term, as "[i]f the proper proofs and claims are not filed or presented in the indicated period, it is considered that the right to claim was abandoned." (Docket No. 57-2 at 19).

**II.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction: 12(b)(1)**

a. Standard of Review

A motion to dismiss under FED. R. CIV. P. 12(b)(1) "constitutes a challenge to the federal court's subject-matter jurisdiction[.]" Suren-Millan v. United States, 38 F. Supp. 3d 208, 212 (D.P.R. 2013). The party asserting jurisdiction bears the burden of demonstrating the existence of subject-matter jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When considering a Rule 12(b)(1) motion to dismiss, the Court may consider all pleadings submitted by the parties. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to

resolve factual disputes concerning the existence of jurisdiction." Fernández Molinary v. Industrias la Famosa, Inc., 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 (1947))."[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding on the merits." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception,' for 'jurisdiction is power to declare the law,' and '[w]ithout jurisdiction the court cannot proceed at all in any cause[.]'" Marathon Oil Co., 526 U.S. at 577 (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94-95 (1998)) (internal citations omitted).

The Court has expressed that the "[p]ertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." Marrero v. Costco Wholesale Corp., 52 F. Supp. 3d 437, 439 (D.P.R. 2014). As previously stated, in reviewing this motion, the Court must construe the complaint liberally and treat all well-pleaded facts as true, "according the plaintiff the benefit of all reasonable inferences." Murphy, 45 F.3d at 522. Dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006). Lastly, the Court has discretion as to the manner in which preliminary questions of jurisdiction are to be resolved. Torres Vázquez v. Com. Union Ins. Co., 417 F. Supp. 2d 227, 233, n. 3 (D.P.R. 2006).

    b. Legal Analysis and Discussion

        i. *Diversity of Citizenship*

AGSM argues that the Court lacks subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) because AGSM is an unincorporated entity whose citizenship is determined by the citizenship of all its members. (Docket No. 57 at 5-9); see Pramco, LLC v. San Juan Bay Marina,

Inc., 435 F.3d 51, 54 (1st Cir. 2006). Plaintiff is a resident of the State of New York, and so are five of AGSM's member insurers. (Docket Nos. 44 ¶ 1; 57 at 5-9; 57-1 at 1, 3, 5, 7, 9). Thus, AGSM argues that complete diversity does not exist between the parties. See In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) ("[T]he presence of but one nondiverse party divests the district court of original jurisdiction over the entire action."). In opposition, Plaintiff rebuts the application of the unincorporated entity citizenship test by arguing that the applicable inquiry for AGSM's citizenship is the nerve center test from Hertz Corp. v. Friend, 559 U.S.77, 80-81 (2010). (Docket No. 65 ¶¶ 23-31). Thus, Plaintiff asserts that AGSM's citizenship is solely that of Puerto Rico because its principal place of business is in San Juan, Puerto Rico. Id. at ¶¶ 27, 29.

The present case requires the Court to identify whether AGSM, a guaranty association created by Puerto Rico statute,[2] is either solely a citizen of Puerto Rico under the Hertz nerve center test or also a citizen of all the states of its members under the Pramco unincorporated entity test. The First Circuit has expressed that "the citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members." Pramco, 435 F.3d at 54. However, it has not addressed the citizenship of a guaranty association for purposes of diversity jurisdiction.

In Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990), the Supreme Court held that the citizenship of the limited partners had to be considered for determining diversity of citizenship among the parties because the diversity determination could not be based solely upon the general partners but rather upon the citizenship of all the partners. While the present case does not involve a limited partnership, Carden lays out the standard for interpreting incorporated and unincorporated

---

[2] The First Circuit has ruled that for the purpose of section 1332, Puerto Rico is considered a "State." See Aponte-Dávila, 828 F.3d at 46, n. 2 (citing 28 U.S.C. § 1332(e)); see also Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).

entities in Puerto Rico for purposes of diversity jurisdiction. 494 U.S. at 190. While assessing Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145, 151 (1965), the Supreme Court clarified that:

> There could be no doubt, after Bouligny, that at least common-law entities (and likely all entities beyond the Puerto Rican *sociedad en comandita*) would be treated for purposes of the diversity statute pursuant to what Russell called "[t]he tradition of the common law," which is "to treat as legal persons only incorporated groups and to assimilate all others to partnerships."

Carden, 464 U.S. at 190 (citing Puerto Rico v. Russell & Co., 288 U.S. 476, 480 (1933)).[3]

The United States Court of Appeals for the Second Circuit has held that: "[f]or purposes of diversity jurisdiction, an unincorporated association is said to have no citizenship of its own. Thus, if suit is brought by or against an association as an entity . . . the organization's citizenship is deemed to be the same as that of its members." Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 677 (2nd Cir. 1990). There, twenty-six state insurance guaranty associations were considered "unincorporated associations created in various states[] pursuant to their state statutes . . . ." Id. at 676. The Second Circuit found that plaintiff lacked diversity jurisdiction because "at least one insurance company member of each [defendant] Guaranty Association [was] a citizen of [plaintiff's state]." Id. at 677. Likewise, in a ruling involving the Louisiana Insurance Guaranty Association ("LIGA"), the United States Court of Appeals for the Fifth Circuit held that Rhulen was persuasive and held that "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n, 946 F.2d 390, 394 (5th Cir. 1991).

According to the General Corporations Act of Puerto Rico, P.R. LAWS ANN. tit. 14 § 3501 *et seq.*, an "incorporated" entity is organized when a certificate of incorporation is filed with the Puerto

---

[3] The Supreme Court held that the characteristics of a *sociedad en comandita* under the Puerto Rico Civil Code could be treated as a juridical person. Russell, 288 U.S. at 482. The Court expressed that the *sociedad*'s juridical personality "is so complete in contemplation of the law of Puerto Rico that we see no adequate reason for holding that the *sociedad* has a different status for purposes of federal jurisdiction than a corporation organized under that law." Id.

**Civil No. 19-1151 (GAG)**

Rico Secretary of State. Id. § 3505. AGSM is not organized as an incorporated entity because it was created by the statutory provisions in Chapter 38 of the Puerto Rico Insurance Code, P.R. LAWS ANN. tit. 26 § 3801 *et seq*. Given that "incorporated" entities in Puerto Rico conform to the provisions of the General Corporations Act of Puerto Rico but AGSM conforms to the provisions of the Insurance Code, the Court shall consider AGSM, for purposes of the present legal analysis, as a partnership. See Carden, 464 U.S. at 190.

Following the Supreme Court's determination in Carden that non-incorporated entities created under Puerto Rico civil law are akin to partnerships as well as the previous finding that AGSM is not organized as an incorporated entity, the Court finds that AGSM is an unincorporated entity whose citizenship is determined by the citizenship of all its members-insurers. Accord Temple Drilling Co., 946 F.2d at 394; Rhulen Agency, Inc., 896 F.2d at 677. Consequently, because AGSM has five member-insurers that share New York citizenship with Plaintiff, 28 U.S.C. § 1332's requisite of complete diversity is not met. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's claims against co-defendant AGSM. See Olympic Mills, 477 F.3d at 6. As such, the Court **GRANTS** AGSM's motion to dismiss under FED. R. CIV. P. 12(b)(1) at Docket No. 57. Plaintiff's claims against co-defendant AGSM are dismissed.[4]

---

[4] While BBI filed a motion to join AGSM's motion to dismiss exclusively under FED. R. CIV. P. 12(b)(1), the dismissal of the claim under said rule does not imply that the complaint against BBI is dismissed. In dismissing an entire suit with diverse parties, the First Circuit has held that "[i]f an easily curable jurisdictional defect is discovered shortly after a case is filed, the district court should decide whether the plaintiff must be put to the bother of filing a fresh suit 'which at long last will merely bring the parties to the point where they now are.'" Cason v. P.R. Elec. Power Auth., 770 F.3d 971, 977 (1st Cir. 2014) (citing Hackner v. Guar. Trust Co. of N.Y., 117 F.2d 95, 98 (2d Cir. 1941)). Thus, the Court has "the authority to drop the 'diversity destroying' party, thereby curing any purported jurisdictional defect it found and salvaging its jurisdiction as between those parties who were properly before it." Cason, 770 F.3d at 978. "[E]ven on questions of a court's adjudicatory authority in particular, salvage operations are ordinarily preferable to the wrecking ball." Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 592 (2004) (Ginsburg, J., dissenting).

### III.     Motion to Dismiss for Failure to State a Claim: 12(b)(6)

Notwithstanding the previous ruling that the Court lacks subject-matter jurisdiction to entertain the present case, it will also address Defendant's alternative motion for failure to state a claim under Rule 12(b)(6).

a.  Standard of Review

When confronted with a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court utilizes the two-step process set by the Supreme Court using the context-based plausibility standard. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (discussing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. It is not necessary for a complaint to offer detailed factual allegations, but "[t]headbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In the second step, the Court is moved to "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55; see also Beddall, 137 F.3d at 16.

At the motion to dismiss stage, "the Court may consider: [1] 'implications from documents' attached to or fairly incorporated into the complaint,' [2] 'facts' susceptible to 'judicial notice,' and [3] 'concessions' in plaintiff's response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (quoting Schatz, 669 F.3d at 55-56). It is within the Court's discretion to choose if it considers materials outside the pleadings, in which case a motion to dismiss

should be converted into a motion of summary judgement. Rivera v. Marriott Int'l, Inc., 456 F. Supp. 3d 330, 335 (D.P.R. 2020). Yet, under certain "narrow exceptions" "some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgement." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). These exceptions include "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiff's claim; [and] . . . documents sufficiently referred to in the complaint." Freeman, 714 F.3d at 36 (quoting Watterson, 987 F.2d at 3).

    b. Legal Analysis and Discussion

        i. *Extrajudicial claim*

AGSM argues that Plaintiff's allegations in her amended complaint do not plausibly demonstrate that she interrupted the one-year statute of limitation to file a claim against it under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. (Docket No. 57 at 10-13). Plaintiff opposed claiming her letter to BBI interrupted said term. (Docket No. 65 ¶ 10).

Under Puerto Rico law, the statute of limitations for claims under Article 1802[5] is one year from the moment the aggrieved person has knowledge of the injury and the identity of who was responsible for such injury. P.R. Laws Ann. tit. 31, § 5298; see also Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 1994). The general rule establishes that the one-year prescriptive period begins to run when plaintiff has "actual [or true] knowledge of both the injury and of the identity of the person who caused it." Calderón Amézquita v. Rivera-Cruz, 483 F. Supp. 3d 89, 104 (D.P.R. 2020); see also Alejandro-Ortiz v. PREPA, 756 F.3d 23, 27 (1st Cir. 2014).

---

[5] Given that the present case was brought to the Court prior to the enactment of the new Civil Code of Puerto Rico on November 28, 2020, the statutory provisions applicable to this case are the ones found in the Civil Code of Puerto Rico of 1930, P.R. Laws Ann. tit. 31.

**Civil No. 19-1151 (GAG)**

In the instant case, the statute of limitations period began to accrue on July 1, 2017—the day of the slip and fall incident. Puerto Rico's statute of limitations for a tort action may be tolled under appropriate circumstances. P.R. LAWS ANN. tit. 31, § 5303. Pursuant to Article 1873 of the Puerto Rico Civil Code, a statute of limitation may be tolled either by: (1) the institution of an action before the courts, (2) an extra-judicial claim by the creditor, and (3) acknowledgement of the debt by the debtor. Tokyo Marine and Fire Ins. Co. v. Perez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 4 (1st Cir. 1998) (citing P.R. LAWS ANN. tit. 31, § 5303). Once tolled, the full one-year period commences anew. King v. TL Dallas & Co., 270 F. Supp. 2d 262, 270 (D.P.R. 2003). "Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." Tokyo Marine, 142 F.3d at 4.

In this case, Plaintiff contends she sent a letter exclusively to BBI that purportedly met the requirements for an extrajudicial claim, thereby tolling the statute of limitations. The Supreme Court of Puerto Rico has established three requirements for extrajudicial claims: "(1) that the claim be made by the holder of the substantive right (or his counsel); (2) that it be addressed to the debtor, not to a third party; and (3) that it demand the same conduct or relief ultimately sought in the subsequent suit." Rosa v. Hosp. Auxilio Mutuo de P.R., Inc., 620 F. Supp. 2d 239, 248 (D.P.R. 2009) (citing Moran Vega v. Cruz Burgos, 537 F.3d 14, 21 (1st Cir. 2008)). When considering these requirements, the Puerto Rico Supreme Court has emphasized the importance that the alleged debtor receives the extrajudicial claim. Calderón Amézquita, 483 F. Supp. 3d at 105 (citing Díaz de Diana v. A.J.A.S. Ins. Co., 10 P.R. Offic. Trans. 602, 110 P.R. Dec. 471 (P.R. 1980)). "On multiple occasions, the [Puerto Rico] Supreme Court has stated that the letter must be received by the debtor." Kery v. Am. Airlines Inc., 931 F. Supp. 947, 953 (D.P.R. 1995).

In the context of alleged joint tortfeasors, the Puerto Rico Supreme Court held in Fraguada Bonilla v. Hosp. Auxilio Mutuo, 186 P.R. Dec. 365 (P.R. 2012), that "the statute of limitations must be tolled separately for each joint tortfeasor . . . [and] the timely filing of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against the rest of the alleged joint tortfeasors." Calderón Amézquita, 483 F. Supp. 3d at 105-06 (citing Rivera-Carrasquillo v. Centro Ecuestre Madrigal Inc., 812 F.3d 213, 217, n. 4 (1st Cir. 2016) (citations omitted)). However, tolling the statute of limitations against one tortfeasor may toll other joint tortfeasors depending on whether the circumstances of the case encompass "perfect" or "imperfect" solidarity between the joint tortfeasors. See Calderón Amézquita, 483 F. Supp. 3d at 106. "Perfect solidarity exists 'between several persons joined by a common interest, which have frequent relations among themselves and know each other,' as tolling as to one co-tortfeasor will toll it as to the rest." Id. (citing Ramírez-Ortiz v. Corporación Del Centro Cardiovascular De P.R. y del Caribe, 994 F. Supp. 2d 218, 223-224 (D.P.R. 2014)). In instances of imperfect solidarity, the relationship is merely accidental or sporadic, and the statute of limitations must be tolled as to each individual co-tortfeasor. Id. The Puerto Rico Supreme Court thus held in Fraguada that in tort actions involving imperfect solidarity, "the injured party must individually interrupt the prescriptive term with regard to each joint and several co-causer." Ramírez-Ortiz, 994 F. Supp. 2d at 223.

AGSM claims that there is imperfect solidarity between AGSM and BBI because "the relationship between an insurer and an insured only exists by virtue of the existing contract between them. Were it not but for such contractual agreement, the presumptive injured victim would have no juridical relationship with the insurer." (Docket No. 57 at 12). AGSM cites to the Puerto Rico Supreme Court's judgment in Menéndez Lebrón v. Rodríguez Casiano, 203 P.R. Dec. 885, 2020

WL 703833 (P.R. 2020), in support of their argument that the tolling of the statute of limitations against the insured does not interrupt the statute of limitations as to the insurer.[6]

The Court will not determine whether perfect or imperfect solidarity exists between BBI and Real Legacy, as "tort solidarity should clearly arise from the insurance contract and the insurer's tort liability will always be limited to what is established in the terms of agreement." Morales Figueroa v. Valdes, Civil No. 15-1365 (DRD), 2016 WL 1171512, at *7 (D.P.R. Mar. 24, 2016). This follows the statutory presumption of Article 1090 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 3101, where:

> The concurrence of two (2) or more creditors, or of two (2) or more debtors in a single obligation, does not imply that each one of the former has the right to ask, nor that each one of the latter is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it *expressly*, being constituted as a joint obligation.

Id.

As BBI's insurance contract with Real Legacy is not part of the record, the Court is in no position to determine the type of solidarity shared between said codefendants. It should be noted that the Court's decision to not determine the type of solidarity that exists between BBI and Real Legacy does not alter the outcome of this ruling.

### ii. Administrative Claims

In its motion to dismiss, AGSM also argues that Plaintiff's allegations in her amended complaint do not plausibly demonstrate that her claim warrants relief from AGSM. (Docket No. 57

---

[6] The Supreme Court of Puerto Rico issued a judgment ("sentencia") which is an unpublished order that does not have precedential value. See Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 80, 19 P.R. Offic. Trans. 88 (P.R. 1987). Pursuant Rule 44(d) of the Rules of the Supreme Court of Puerto Rico: "[s]ince unpublished judgments will not be available to the general public, it will be improper to cite before any forum, either as authority or as precedent, a decision of the Court issued without an opinion or not published by the Bar Association or by the Court itself." In re Reglamento del Tribunal Supremo de Puerto Rico, 83 P.R. Offic. Trans. 23, 183 P.R. Dec. 386, 479 (P.R. 2011).

at 13-19). AGSM posits that Plaintiff's failure to file a proof of claim within the 90-day term established in the liquidation order results in the abandonment of her claims against AGSM. Id. As this section involves extensive statutory interpretation, the Court reiterates that it must abide by the "plain meaning rule," whereas "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." United States v. Fourteen Thousand Eight Hundred & Seventy-Six Pieces of P.R. Lottery Tickets, 791 F. Supp. 345, 347 (D.P.R. 1992) (citing Caminetti v. United States, 242 U.S. 470, 485 (1916)). Article 40.210 of the Insurance Code, states:

> Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order.

P.R. LAWS ANN. tit. 26, § 4021.

The liquidation order for Real Legacy was issued on January 18, 2019, while this suit was brought on February 19, 2019. Consequently, Plaintiff is barred by law from obtaining relief for her claims against Real Legacy and AGSM in this judicial forum because she filed suit against the insurer and the liquidator *after* the issuance of the liquidation order. As a matter of law, Plaintiff is not entitled to obtain the requested relief. Accordingly, her complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

Moreover, Article 40.150 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 4015, dictates that upon the issuance of the order, the rights and obligations of a claimant "shall be defined as they exist on the date the order of liquidation is issued . . ." Id. § 4015(2). The liquidation order states that "[t]he claim procedure provided in Chapter 40 of the Puerto Rico Insurance Code, [P.R. LAWS ANN. tit. 26, § 4001 *et seq.*], is the only method for seeking payment of claims for the liquidation proceeds." (Docket No. 57-2 at 16).

The claim procedure ordered that the term for the filing of claims shall not exceed ninety (90) days from the date of the order, until April 18, 2019. Id. at 18. Any person who had a claim against Real Legacy had an obligation to submit that claim within the period established in the liquidation order. Id. at 19. "If the proper proofs and the claims are not filed or presented in the indicated period, it is considered that the right to claim was abandoned," pursuant to Articles 40.320 and 40.330 of the Insurance Code, P.R. LAWS ANN. tit. 26, §§ 4032-33. (Docket No. 57-2 at 19).

Under Article 40.320 of the Insurance Code, AGSM "shall be given proof of every claim, in the form required by § 4033 of this title on or before the last day for filing specified in the notice required pursuant to § 4019 of this title . . . ." P.R. LAWS ANN. tit. 26, § 4032(1). AGSM *may* permit a claimant making a late claim to share in the distributions, as if the claim were not late, "to the extent that the payment does not prejudice the orderly administration of the liquidation, under the following circumstances: (a) [t]he existence of the claim was not known to the claimant and he/she filed the same ninety (90) days after learning about it . . ." Id. § 4032(2) (emphasis added).

Moreover, Article 38.080 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 3818, indicates that "[r]egardless of the other provisions of this chapter, a covered claim shall not include a claim filed with [AGSM] after the final date fixed by the court for filing claims against the liquidator or receiver of the insolvent insurer." Id. § 3818(a)(1)(C). AGSM "shall only transact those claims that have been filed within the established period pursuant to the provisions of § 4019 of this title[.]" Id. § 3818(a)(4).

Pursuant to Article 40.190 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 4019, the Liquidator was ordered to notify all persons who had claims "to file the claim in the liquidation procedure of [Real Legacy] at the address indicated on the form designed and prescribed by the Liquidator for the claims." (Docket No. 57-2 at 18). As for unknown claimants such as Plaintiff, the

claimants who were not notified by the Liquidator pursuant to Article 40.190(5), P.R. Laws Ann. tit. 26, §4019(5), "will be notified by the Notice that the Liquidator will publish in the newspapers of general circulation." (Docket No. 57-2 at 19). "If notice is given according to this section, the distribution of the assets of the insurer pursuant to this chapter shall be final with respect to all claimants, whether or not they have received the notice." P.R. Laws Ann. tit. 26, §4019(3).

Plaintiff counters AGSM's argument by alleging that she did file a timely claim. (Docket No. 65 ¶ 53). Citing to Article 40.320 of the Insurance Code, P.R. Laws Ann. tit. 26, § 4032(2), Plaintiff states the 90-day term should have commenced on September 19, 2019, when she found out about the existence of BBI's insurer during initial disclosures. (Docket No. 65 ¶¶ 48-52). Accordingly, Plaintiff filed her claim on December 3, 2019, well within the 90-day period that ended on December 23, 2019. (Docket Nos. 65 ¶ 54; 65-4). This argument fails because the Liquidator has informed that "it is not justified that the Liquidator apply to the instant case the exception provided in subparagraph (2) of Article 40.330," P.R. Laws Ann. tit. 26, § 4033(2). (Docket No. 57-5 at 4). Since the Liquidator will not exercise his discretion to accept the late claim, Plaintiff fails to state a claim upon which relief from AGSM can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, Plaintiff argues that "a cause of action against an insolvent insurer should not be dismissed when it issues a public liability policy as such a claim is covered by [AGSM]" pursuant to the Puerto Rico's Supreme Court decision in <u>Rodríguez Quiñones v. Longhorn Steakhouse San Patricio</u>, 202 P.R. Dec. 158 (P.R. 2019). (Docket No. 65 ¶ 44). According to Article 38.030 of the Insurance Code, the following insurance contracts are not entitled to relief from AGSM:

> (1) life or disability insurance, (2) mortgage guaranty, financial guaranty and other forms of insurance that offer protection against investment risks, (3) guaranty insurance, except fidelity bonds which secure the probity of public employees, (4) warranty or service contract insurance, (5) title insurance, (6) ocean maritime insurance, (7) any transaction or combination of transactions between a person and an insurer (including the affiliates thereof) which involves the transfer of credit or

**Civil No. 19-1151 (GAG)**

    investment risks, which is not accompanied by a transfer of insurance risk, and (8) any insurance provided by the government.

P.R. LAWS ANN. tit. 26, § 3803. Plaintiff claims the "detailed list doesn't include Public Responsibility Insurance, the same type of insurance issued to BBI[] in this complaint." (Docket No. 65 ¶ 45).

    Although her claim under BBI's insurance policy is indeed a claim that AGSM could have covered, Plaintiff's argument fails because the cited Puerto Rico Supreme Court precedent, assuming the Court follows it,[7] does not dictate that AGSM must cover "public responsibility insurance contracts" regardless of the circumstances. As already explained, Plaintiff's claim under this insurance policy is precluded from recovery because the Liquidator expressly exercised its discretion not to apply the pertaining statutory exception of subparagraph (2) of Article 40.330 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 4033(2).

    As a result, the Court **GRANTS** AGSM's motion to dismiss under FED. R. CIV. P. 12(b)(6) at Docket No. 57. Plaintiff is barred from filing this suit against AGSM pursuant to Article 40.210 of the Insurance Code, P.R. LAWS ANN. tit. 26, § 4021, because this suit was initiated after the liquidation order for Real Legacy was issued. Moreover, Plaintiff's claim fails because the

---

[7] Unfortunately, Plaintiff cannot rely on the cited precedent of this case because she did not provide a certified translation. All documents before this Court must be in English pursuant 48 U.S.C. § 864 and Local Rule 5(c). See Laboy-Salicrup v. P.R. Elec. Power Auth., 244 F. Supp. 3d 266, 271 (D.P.R. 2017) (precluding Court from considering documents that were provided only in the Spanish language without certified translations); see also Puerto Ricans for P.R. Party v. Dalmau, 544 F. 3d 58, 67 (1st Cir. 2008). D.P.R. L.CV. R. 5(C) states:
> All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English which meets one of the following criteria: (1) Is prepared by an interpreter certified by the Administrative Office of the U.S. Courts, or (2) Is prepared by a translator who has approved Phase I (written legal translation) of the Federal Court Interpreters Certification Examination, or (3) Is prepared by a translator who is certified by the American Translator Association, or who has a post-graduate degree from an accredited postgraduate education translation program; or (4) Is otherwise stipulated as accurate by all parties.

Id.

**Civil No. 19-1151 (GAG)**

Liquidator did not exercise his statutory discretion to accept her late claim pursuant to Article 40.320(2), P.R. Laws Ann. tit. 26, § 4032.

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** AGSM's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) at Docket No. 57.

**SO ORDERED.**

In San Juan, Puerto Rico this 20th day of July 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge